IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

SHALONDA "NIKKI" MYLES,
MSN, APNP, FNP-BC, PMHNP-BC
9735 N. Fairfield Road
Mequon, WI 53092,

    Plaintiff,

v.

HORIZON HEALTHCARE, INC.
d/b/a AMERICAN TELEPSYCHIATRY
217 Wisconsin Ave., Ste. 201
Waukesha, WI 53186,

and

KARL RAJANI
217 Wisconsin Ave., Ste. 201
Waukesha, WI 53186,

    Defendants.

Case No:

JURY TRIAL DEMANDED

---

## COMPLAINT

---

Plaintiff Shalonda "Nikki" Myles, by and through her attorneys, Hansen Reynolds, LLC, alleges as follows for her Complaint:

### NATURE OF THE ACTION

1. This action arises from Horizon Healthcare's unlawful employment/contract termination of Plaintiff, a Black psychiatric nurse practitioner.

2. Plaintiff worked for, and contracted with, Horizon for several years providing psychiatric care and medication management to patients with serious mental illness and substance-use disorders.

3. During her employment contract, Plaintiff raised concerns regarding serious professional misconduct by coworkers.

4. Several of the providers whose conduct Plaintiff reported were Caucasian providers working under the same contractual relationship with Horizon as Plaintiff.

5. The conduct Plaintiff reported threatened patient safety and professional licensure.

6. Despite the seriousness of this conduct, Horizon did not terminate its relationship with Caucasian providers.

7. Instead, those individuals remained affiliated with Horizon.

8. Plaintiff, however, was terminated based on an allegation that another employee distributed Plaintiff's business cards.

9. Plaintiff did not distribute the cards.

10. Plaintiff did not direct the employee to distribute the cards.

11. The employee obtained the cards independently while visiting Plaintiff's separate clinic as a patient.

12. Contemporaneous text messages show Plaintiff was surprised to learn the cards had been distributed.

13. The alleged conduct did not violate the Provider Agreement governing Plaintiff's relationship with Horizon.

14. Nor did the alleged conduct involve patient care, fraud, dishonesty, or licensure issues.

15. Horizon's reliance on this trivial incident to terminate Plaintiff – while retaining Caucasian providers who engaged in far more serious misconduct – demonstrates unlawful race discrimination.

16. Plaintiff's termination also followed her reports of serious workplace misconduct and therefore constitutes unlawful retaliation.

## PARTIES

**Plaintiff**

17. Plaintiff Shalonda "Nikki" Myles is an African-American woman residing in Wisconsin.

18. Plaintiff is licensed as an Advanced Practice Nurse Prescriber (APNP).

19. Plaintiff holds board certifications as a Family Nurse Practitioner and Psychiatric Mental Health Nurse Practitioner.

20. Plaintiff has extensive experience treating patients with complex psychiatric and substance-use disorders.

**Defendant Horizon Healthcare**

21. Defendant Horizon Healthcare, Inc. is a Wisconsin corporation doing business as American Telepsychiatry.

22. Horizon provides psychiatric and behavioral-health services through telehealth and clinical encounters.

23. Horizon contracts with healthcare providers to deliver psychiatric services to its patients.

**Defendant Karl Rajani**

24. Defendant Karl Rajani is the owner and principal operator of Horizon Healthcare.

25. Rajani exercised authority over hiring, discipline, and termination decisions affecting providers working at or in contract with Horizon.

26. Rajani personally participated in and approved the decision to terminate Plaintiff.

27. Rajani therefore acted under color of contractual authority to interfere with Plaintiff's employment/contractor relationship.

28. Rajani is individually liable under 42 U.S.C. §1981 for intentional race discrimination and retaliation.

## JURISDICTION AND VENUE

29. This Court has subject-matter jurisdiction under 28 U.S.C. §1331.

30. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

31. Venue is proper in this District because the unlawful employment and contractor practices occurred here.

## ADMINISTRATIVE PREREQUISITES

32. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

33. The charge alleged race and color discrimination and retaliation arising from Plaintiff's termination.

34. The charge was assigned EEOC Charge Number 443-2025-03525.

35. On December 12, 2025 the EEOC issued a Dismissal and Notice of Rights informing Plaintiff of her right to file suit.

36. Plaintiff received that notice and filed this action within ninety days.

37. Plaintiff has therefore satisfied all administrative prerequisites required under Title VII.

## STATEMENT OF FACT

38. Plaintiff's relationship with Horizon began around 2020.

39. Plaintiff worked under a written Provider/Independent Contractor Agreement.

40. On information and belief, other providers working for Horizon signed materially identical agreements.

41. Plaintiff provided psychiatric evaluation and medication-management services.

42. Plaintiff treated vulnerable patients with severe mental illness and substance-use disorders.

43. Plaintiff developed long-standing treatment relationships with many patients.

44. Plaintiff consistently attempted to ensure that clinical practices complied with professional and regulatory standards.

**The Provider Agreement**

45. Although the written Provider Agreement contains some unemployment provisions, it generally governed Plaintiff's relationship with Horizon.

46. The agreement required providers to act in a competent and professional manner and comply with all legal requirements and professional standards applicable to their discipline.

47. The agreement required providers to maintain complete and accurate medical records sufficient to satisfy billing and reimbursement standards.

48. The agreement also identified categories of misconduct that could justify immediate termination.

49. These categories included:
    a) Unprofessional conduct;
    b) Unethical conduct;
    c) Fraudulent conduct;

    d) Dishonesty toward Horizon;

    e) Loss of licensure;

    f) Felony conviction; and

    g) Conduct jeopardizing patient care.

50. These provisions demonstrate that Horizon considered violations involving professional misconduct, fraud, dishonesty, or patient-safety risks to be serious termination-level conduct.

**Comparator Providers Subject to the Same Contract**

51. Plaintiff worked alongside other providers performing similar clinical roles.

52. These providers worked under materially identical Provider Agreements.

53. They were subject to the same professional standards and contractual obligations.

54. Several of these providers were Caucasian.

55. During Plaintiff's employment, certain Caucasian providers engaged in conduct raising serious concerns regarding professional responsibility and patient safety.

56. Plaintiff reported concerns regarding this conduct to Horizon management.

57. The conduct of these providers was significantly more serious than the conduct attributed to Plaintiff.

58. The conduct would reasonably fall within the categories of misconduct identified in the Provider Agreement as grounds for termination.

59. Despite the seriousness of these issues, Horizon did not terminate the Caucasian providers involved.

60. Instead, those providers remained affiliated with Horizon.

61. In at least one instance, the conduct of a Caucasian provider escalated to criminal consequences resulting in incarceration.

62. Even under those circumstances, Horizon did not impose discipline comparable to the discipline imposed on Plaintiff.

**Plaintiff's Separate Clinic**

63. Plaintiff maintained a separate clinic known as Trilogy.

64. Nothing in the Provider Agreement prohibited Plaintiff from operating a separate clinic.

**The Business Card Incident**

65. In early 2025, Horizon accused Plaintiff of misconduct involving distribution of business cards associated with the Trilogy clinic.

66. The accusation arose after another employee distributed Plaintiff's business cards.

67. That employee had previously obtained the cards while visiting Plaintiff's clinic as a patient.

68. Plaintiff did not provide the cards for distribution.

69. Plaintiff did not direct the employee to distribute the cards.

70. Contemporaneous text messages show Plaintiff was surprised to learn the cards had been distributed.

71. The Provider Agreement contains a non-solicitation clause applicable after termination.

72. The clause prohibits a provider from soliciting Horizon patients following termination.

73. The clause does not prohibit providers from maintaining independent clinics.

74. It does not prohibit patients from independently seeking treatment elsewhere.

75. It does not prohibit third parties from sharing information about a provider without the provider's direction.

76. Because Plaintiff neither solicited Horizon patients nor directed anyone to do so, the alleged conduct did not violate the Provider Agreement.

**Plaintiff's Termination**

77. Despite the absence of any contractual violation, Horizon treated the alleged card distribution as grounds for termination.

78. Plaintiff was not given a meaningful opportunity to explain the situation.

79. Horizon conducted no reasonable investigation into whether Plaintiff had directed the conduct.

80. Plaintiff's employment with Horizon was terminated shortly thereafter.

**Pretext**

81. Defendants' stated reason for terminating Plaintiff is not credible.

82. Plaintiff did not distribute the cards.

83. Plaintiff did not direct anyone to distribute them.

84. The employee obtained the cards independently while visiting Plaintiff's clinic as a patient.

85. Contemporaneous text messages demonstrate Plaintiff's surprise when she learned the cards had been distributed.

86. The alleged conduct did not violate the Provider Agreement.

87. Defendants retained Caucasian providers who engaged in far more serious misconduct under the standards of the Provider Agreement.

88. These facts demonstrate that Defendants' stated reason for termination was pretextual.

89. Race and color were motivating factors in Defendants' decision to terminate Plaintiff.

90. Similarly situated Caucasian providers who engaged in more serious misconduct were retained.

91. Plaintiff, a Black provider, was terminated for conduct that did not violate the Provider Agreement and did not threaten patient care or licensure.

92. This disparity in treatment supports a reasonable inference that Defendants' actions were motivated by race.

## COUNT I
### Race and Color Discrimination (Title VII)

93. Plaintiff incorporates the preceding paragraphs.

94. Plaintiff is a member of a protected class.

95. Plaintiff was qualified for her position.

96. Plaintiff suffered an adverse employment action when she was terminated.

97. Similarly situated Caucasian providers engaged in more serious misconduct but were not terminated.

98. Defendants' actions constitute unlawful race discrimination.

## COUNT II
### Race Discrimination (42 U.S.C. §1981)

99. Plaintiff incorporates the preceding paragraphs.

100. Defendants intentionally discriminated against Plaintiff because of her race.

101. Rajani personally participated in the discriminatory conduct.

102. Defendants interfered with Plaintiff's contractual employment relationship.

## DAMAGES

103. Plaintiff has suffered:
    a) Lost wages;
    b) Lost benefits;
    c) Emotional distress;
    d) Damage to her professional reputation;

e) Loss of patient relationships; and

f) Disruption of her medical practice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant:

A. Back pay;

B. Front pay;

C. Compensatory damages;

D. Punitive damages;

E. Attorneys' fees and costs; and

F. Any other relief the Court deems appropriate

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Dated on this 12th day of March, 2026.

**HANSEN REYNOLDS LLC**

By: /s/ Michael C. Lueder
    Michael C. Lueder
    301 N. Broadway, Suite 400
    Milwaukee, Wisconsin 53202
    (414) 455-7676 (phone)
    (414) 273-8476 (fax)
    mlueder@hansenreynolds.com

*Attorney for Plaintiff*